# IN THE COURT OF APPEALS OF IOWA

No. 18-1955
Filed September 11, 2019

**JASON BATTERMAN,**
        Plaintiff-Appellant,

**vs.**

**AMANDA BIGGS,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Gregory W. Steensland, Judge.

        Jason Batterman appeals the district court's refusal to modify the physical-care placement of his child. **AFFIRMED.**

        Sarah M. Hart, Omaha, Nebraska, for appellant.

        Sara E. Benson, Council Bluffs, and William C. Bracker, Council Bluffs, for appellee.

        Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

This case is about B.B., who was born in 2009. Jason Batterman and Amanda Biggs are B.B.'s parents. They were never married. They split up shortly after B.B. was born. In 2010, the district court entered a paternity decree granting joint legal custody, awarding physical care to Amanda, and providing visitation for Jason.

In 2017, Jason got married. That same year, Jason filed the present modification action. Jason asked the district court to switch physical care from Amanda to him. The district court denied Jason's request. The court also awarded Amanda $1000 in attorney fees. Jason appeals.

Our review is de novo. Iowa R. App. 6.907. However, we "afford deference to the district court for institutional and pragmatic reasons." *Hensch v. Mysak*, 902 N.W.2d 822, 824 (Iowa Ct. App. 2017).

Jason argues the district court erred in declining to switch physical care. "A party seeking modification of the legal or physical custodial provisions of a dissolution decree must meet a high standard." *In re Marriage of Sawyer*, No. 09-0558, 2009 WL 2514176, at *4 (Iowa Ct. App. Aug. 19, 2009).

> To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the child[]'s best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the child[]. A parent seeking to take custody from the other must prove an ability to minister more effectively to the child[]'s well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody of child[] has been fixed it should be disturbed only for the most cogent reasons.

*Id.* (quoting *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983)).

Like the district court, we doubt Jason has proven a significant, continuing change in circumstances that negatively impacts the welfare of the child. Assuming he has, however, Jason must also demonstrate his superior ability to care for B.B. *See In re Marriage of Whalen*, 569 N.W.2d 626, 628 (Iowa Ct. App. 1997).

To be sure, both parents have their deficiencies. We note Amanda has moved several times, forcing B.B. to change schools repeatedly. Our concerns regarding this are somewhat alieved by Amanda's assurance, "I'm not going to move." The district court described Amanda as "testif[ying] rather convincingly" to the stability of her current relationship. We defer to the district court on this issue and anticipate increased stability in Amanda's future. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015) (noting we give weight the district court's credibility findings).

Even without those reassurances, though, we would still conclude Jason has failed to prove a superior ability to care for B.B. We note Jason's failure to provide B.B. with prescription medication during visitation. We also note Jason's history of anger issues, which have manifested in physical violence toward Amanda.

Like the district court, however, we are particularly concerned with the deteriorating relationship between B.B., Jason, and Jason's wife. The problems began in 2017, when Jason obtained an ex parte custody order in Nebraska. Law enforcement executed the order. B.B. was "removed from his mother forcibly."

B.B. remained in Jason's care for roughly one month until the Nebraska action was dismissed for lack of jurisdiction. During that time, Jason did not allow B.B. visitation with Amanda.

B.B.'s reaction was extremely negative. He now fears that "his father will remove him from his mother and never to be seen again."

In the district court's view, this incident—and the trauma it inflicted on B.B.— now define the "strained relationship" between Jason, his wife, and B.B. The district court also found that these circumstances "dictate[] against Jason being in a superior position to parent." We agree on both points. The district court was correct in declining to switch physical care to Jason.

Jason also challenges the district court's award of $1000 in attorney fees to Amanda. In a modification action, attorney fees may be awarded at the discretion of the district court. *Hensch*, 902 N.W.2d at 827. We find no abuse of discretion here. Jason commenced this litigation but Amanda prevailed. *See* Iowa Code § 600B.26 (2017) ("In a proceeding . . . . to modify a paternity, custody, or visitation order under this chapter, the court may award the prevailing party reasonable attorney fees.").

Finally, we address Jason's request for attorney fees on appeal. Jason did not prevail on appeal. Therefore, he is not entitled to fees. *See id.*

**AFFIRMED.**